576 N.W.2d 128 (1998)
456 Mich. 1227
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Demar Alexander BRAZIL, Defendant-Appellant.
Docket No. 109122, COA No. 193464.
Supreme Court of Michigan.
March 6, 1998.

ORDER
On order of the Court, the motion to supplement the application is considered, and it is GRANTED. The delayed application for leave to appeal is also considered, and, pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, we DIRECT, under the unique circumstances of this case, the Court of Appeals to consider the defendant's application for leave to appeal on the merits.
BOYLE, Justice, states as follows:
I dissent from the order remanding this case with the direction to the Court of Appeals to consider defendant's application for leave to appeal. I would grant leave to appeal.
Defendant's claim of right to appeal was lost by his own inaction. Thereafter, counsel filed an untimely application for delayed leave to appeal.[1] MCR 7.205(F)(3) states:
"Except as provided in subrule (F)(4), if an application for leave to appeal is filed more than 12 months after entry of the order or judgment on the merits, leave to appeal may not be granted."
Because none of the exceptions in subrule (F)(4) apply to this case, the Court of Appeals stated it did not have jurisdiction.
The amendment that we adopted as MCR 7.205(F)(3) was recommended to the Court in 1987 by the Criminal Procedure Rules Committee, along with rules creating a uniform postconviction collateral remedy.[2] The commentary published with the amendment provided a well-reasoned rationale for both recommendations:
"Because of the availability of postconviction proceedings under new subchapter 7.400, subsection (3) of subrule (F) limits the time period for seeking leave to appeal to 18 months following the judgment of conviction. It does this by striking the words `in a civil action' from the original rule. Leave to appeal generally should be available for those appellants who have good reasons for failing to comply with deadlines for taking an appeal by right. When an appeal is sought more than 18 months following conviction, however, failure to meet deadlines does not explain the delay. While the possibility of review after eighteen months should not be denied altogether, generally all such review should be subject to one uniform procedure. With few exceptions, such as a motion for new trial based on newly discovered evidence, subchapter 7.400 provides that uniform procedure." [428A Mich. 16.]
The amendments contemplate finality in the appellate process and one uniform postconviction process. However, as indicated, Rule 7.205(F)(3) contemplates some exceptions. Whether the circumstances before us should be recognized as an exception is the question before us. Despite the significance *129 of the issue, this Court's peremptory order offers no legal basis for the apparent conclusion that the attorney's failure to timely file revived the jurisdiction of the Court of Appeals.
The proposed rules were adopted as Rules 7.205(F) and 6.500 et seq. Together they address the historic problem in Michigan of lack of finality in criminal cases. Proposed MCR 7.404 treats ineffective assistance of counsel in not raising an issue on appeal as excusing the procedural default in postconviction proceedings. Committee Commentary, Proposed MCR 7.404. However, defendants clearly have an interest in preserving an option of direct review under MCR 7.205. As we recognized in People v. Reed, 449 Mich. 375, 535 N.W.2d 496 (1995), an error that justifies reversal on direct review may not support a successful collateral attack. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982).
The tension between the systemic interest in finality of judgments, and the individual's interest in a meaningful appeal, and the fact that the situation is obviously capable of repetition, establishes the jurisprudential significance of the issue. It may well be that the interest in finality must yield to purported ineffective assistance and that another exception to MCR 7.205(F) should be recognized. However, the concerns that moved the bar and this Court to try to stem the war of attrition that was our never-ending appellate process, and the convicted defendants' interest in plenary review, counsel against disposing of this matter by an inscrutable order. As every lawyer knows, the demise of a rule is written in the unwillingness of its authors to apply it.
WEAVER, J., concurs in the dissenting statement of BOYLE, J.
NOTES
[1] The delayed application for leave to appeal was filed thirteen months after sentencing. A letter on counsel's letterhead says counsel was unaware that the period for filing had been shortened from eighteen months to twelve months.
[2] The introductory commentary to subchapter 7.400 observes:

"[T]he proposed amendment of MCR 7.205(F)(3), imposing an 18-month time limit on late appeals to the Court of Appeals, reflects the view that subsequent review, if any, should be pursuant to this proposed new subchapter." [428A Mich. 39. (emphasis added).]
Likewise, the commentary to MCR 7.401 states:
"As both the heading of the subchapter and the wording of MCR 7.401 make clear, the procedure established in this subchapter is for collateral challenges to convictions. Once a defendant has exhausted his opportunity to appeal, whether by right or by leave, he may seek further review of his conviction only in accordance with the procedures set forth in this subchapter.... The only exceptions are those specifically set forth in these rules ...." [428A Mich. 40. (emphasis added).]