595 N.W.2d 840 (1999)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Christopher Lawrence TULL, Defendant-Appellant.
Docket No. 113211, COA No. 204999.
Supreme Court of Michigan.
June 23, 1999.
On order of the Court, the application for leave to appeal from the June 15, 1998 decision of the Court of Appeals is considered, and it is DENIED, there being no majority of the Court in favor of granting leave to appeal.
CORRIGAN, J., states as follows:
I would deny leave to appeal without prejudice to defendant seeking relief pursuant to MCR 6.500 et seq.
The Court of Appeals did not err in denying defendant the relief sought. The language in MCR 7.205(F)(3) operates as a jurisdictional limitation on the ability of the Court of Appeals to grant leave where the application is filed more than twelve months after entry of judgment. The provisions for postappeal relief found in subchapter 6.500 of the court rules were created precisely for cases such as this. Where good cause and actual prejudice can be shown, defendant will not be precluded from having his claims addressed. Moreover, without additional factual development, a finding by this Court that defendant lost his appeal of right due to ineffective assistance of counsel is purely speculative.
WEAVER, C.J., and TAYLOR, J., join in the statement of CORRIGAN, J.
*841 MICHAEL F. KELLY, J., states as follows:
I would remand this case to the Court of Appeals for reconsideration as on leave granted. In the particular circumstances of this case, it appears that defendant has lost his chance to appeal solely as the result of ineffective assistance of counsel.
Defendant was convicted by jury of first-degree (felony) murder and sentenced to life in prison on November 14, 1995. After imposing sentence, the trial court advised him of his right to appeal. The facts indicate that the court clerk gave defendant a form. However, the language of the form cautions the signatory that the form is merely a notice, and that the request for appointment of counsel still must be filled out and returned to the court.
At the time defendant received the form, his trial counsel told the court:
Your honor, Mr. Tull acknowledges receipt of his appellate rights. In fact, he is signing them on my behalf so I can bring them to judicial aid for him.
What we would request, your Honor, is [sic] the Court would be so kind as to recommend that the State Appellate Defenders Office be recommended in this appeal.
The statement constituted a promise by trial counsel that he would see that appellate counsel was timely requested. Unfortunately, counsel never followed through on his promise.
As a result, defendant missed the 42-day deadline to request counsel under MCR 6.425(F)(1)(b), 7.204(A)(2)(c).[1] Only after defendant learned of this failure, some 100 days after sentencing, did he file a request for counsel. The circuit court then appointed the State Appellate Defender's Office to represent him, using the combined appointment/claim of appeal form that follows the provisions of MCR 6.425(F)(3).
The Court of Appeals dismissed defendant's claim of appeal as untimely because of his failure to request counsel as required under the court rules. The dismissal order was entered in December 1996, more than twelve months after the November 1995 sentencing. Thus defendant also found himself past the twelve-month limit for filing an application for leave to appeal. MCR 7.205(F)(3).
The April 1996 order appointing the State Appellate Defender's Office included an order for trial and sentencing transcripts. Later that month, four additional volumes were requested. Finally, in December 1996, the State Appellate Defender's Office requested preparation of the voir dire transcript. This transcript was not received by the circuit court until June 17, 1997. As a result, counsel did not file a delayed application to appeal until July 24, 1997, well past the twelve-month limit under MCR 7.205(F)(3). On June 15, 1998, the Court of Appeals dismissed the application for leave for lack of jurisdiction, stating that it was not timely under MCR 7.205(F)(3). Also, defendant had not established that either of the exceptions set forth in MCR 7.205(F)(4) applied to the instant action.
It is true that the court rules must be enforced, and relief cannot be granted to everyone who runs afoul of a rule. However, the deadlines contained within the rules must be read together with MCR 1.105 that requires the rules be construed to secure the just determination of every action.
In the instant case, defendant has effectively been denied any right to an appeal of his conviction and mandatory life sentence through no fault of his own.[2] Trial counsel's initial failure was followed by the *842 State Appellate Defender's failure to file a prophylactic application for leave to appeal when the first untimely "claim" was pending in the Court of Appeals. Strict adherence to the court rule deadline here fosters an unjust result that not only violates the letter of MCR 1.105, but also the spirit of the rules in general.
The three justices who would deny leave to appeal claim that MCR 7.205(F)(3) acts as a jurisdictional limitation on the ability of the Court of Appeals to grant leave here. However, this Court has previously waived the strict filing requirements when justice warranted it. People v. Brazil, 456 Mich. 1227, 576 N.W.2d 128 (1998). Under the unique circumstances of this case, such a result is warranted.
Therefore, I would remand this case to the Court of Appeals for consideration as on leave granted.
BRICKLEY and MICHAEL F. CAVANAGH, JJ., join in the statement of MARILYN J. KELLY, J.
YOUNG, JR., J., not participating.
NOTES
[1] Given the comments by trial counsel and his subsequent inaction, it can scarcely be termed "speculation" that defendant lost his appeal of right because of ineffective assistance.
[2] The fact that defendant has no right to appointed counsel, among other distinctions, renders the supposed availability of relief under MCR 6.500 an unlikely and palliative remedy, at best.